IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05CV829-MHT |
| | ) | [WO] |
| DAVID EASON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Upon consideration of the plaintiffs' Motion to Compel, filed on 2 August 2006 (Doc. # 49), and for good cause, it is

ORDERED that the motion is GRANTED.

The plaintiffs have certified that they have attempted good faith resolution of the discovery dispute. The exhibits attached to the motion clearly establish that the discovery requests were served on the defendants more than 100 days ago. In spite of three attempts to secure compliance, the defendants have still failed to respond.

The plaintiff served interrogatories and requests for production on the defendants on 17 April 2006. The rules of procedure require that

- responses to interrogatories be provided "separately and fully in writing under oath" unless there is an objection. FED. R. CIV. PRO. 33(b)(1);

- answers to interrogatories be "signed by the person making them". FED. R. CIV. PRO. 33(b)(2);

- responses to interrogatories or objections be served "within 30 days after the serve of the interrogatories". FED. R. CIV. PRO. 33(b)(3);

- objections that are untimely are "waived unless the party's failure to object is excused by the court for good cause shown". FED. R. CIV. PRO. 33(b)(4);

- responses to a request for production or objections thereto be served in writing "within 30 days after the service of the request". FED. R. CIV. PRO. 34(b);

Moreover, Section I-G of the court's *Guidelines on Civil Discovery* provides, in pertinent part:

> The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. Those are the dates by which a lawyer should answer; he should not await a court order. If a lawyer cannot answer on time, he should move for an extension of time in which to answer, and inform opposing counsel so that in the meantime no motion to compel a response will be filed.

In the instant case, the defendant simply failed, to its detriment, to follow the deadlines set forth in the federal rules and failed to fulfill its later representations that the discovery responses would be forthcoming. Accordingly, it is further

ORDERED as follows:

1. On or before 15 August 2006, the defendants shall serve their full responses to the discovery requests upon counsel for the plaintiffs. Because the objections have been waived, the defendants are specifically DIRECTED to

   refrain from asserting any objections to any of the information or documents requested.

2. On or before 17 August 2006, counsel for the plaintiffs shall file a Notice of Compliance with the Clerk of the court attesting to the defendant's compliance or non-compliance with this order.

3. The parties are reminded of the admonition in the Guidelines to Civil Discovery:

   Because lawyers are expected to respond when the rules provide, Rule 37(a)(4) provides that if an opposing lawyer must go to court to make the recalcitrant party answer, the moving lawyer is ordinarily awarded counsel fees spent in filing (and, if necessary, arguing) the motion to compel. Rule 37 will be enforced in this district strictly according to its tenor.

   Once a court order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the Court with the special gravity which it deserves; violation of a court order is always serious and may be treated as contempt, or judgment may be entered, or some other appropriate and measured sanction used. (Section I-G).

DONE this 3rd day of August, 2006.


                              /s/ Vanzetta Penn McPherson
                              VANZETTA PENN MCPHERSON
                              UNITED STATES MAGISTRATE JUDGE